**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**BETHANY GILL**                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:26-CV-345-JHM**

**BRANDON HATTON**                                                             **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

On review of Plaintiff Bethany Gill's motion for leave to proceed *in forma pauperis*, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). The Court, therefore, **GRANTS** the motion (DN 3).

Because Plaintiff is proceeding *in forma pauperis*, the Court will conduct its  initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this case will be dismissed.

### I. SUMMARY OF ALLEGATIONS

Plaintiff, a resident of Florida, sues Brandon Hatton, the father of her minor child.[1] The crux of her complaint concerns the behavior of Defendant during and related to ongoing custody and child support proceedings in state court. Her complaint references child support proceedings in Florida and a Kentucky Family Court case. She acknowledges that domestic and custody matters are generally handled in state court, but she states that she seeks federal review for alleged interstate threats under 18 U.S.C. § 2261A, the federal criminal stalking statute. The complaint also references the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). She

---

[1] Plaintiff has another case pending against Defendant Hatton and multiple other Defendants. *Gill v. Owensboro Health, Inc.*, 4:25-cv-183-JHM.

further requests that the Court report "any evidence concerning alleged criminal conduct" to the proper law enforcement agency.

As relief, she requests a dismissal, stay, or review of "Kentucky related custodial proceedings;" an order that the minor be returned to her; and the referral of alleged criminal conduct to the proper authorities.

## II. STANDARD

Upon review under § 1915(e); *McGore*, 114 F.3d at 608-09, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548–49 (6th Cir. 2006). The

party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Federal courts have an independent duty to determine whether they have jurisdiction and to "'police the boundaries of their own jurisdiction.'" *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### III. ANALYSIS

### A. § 2261A

The complaint states that it involves federal question jurisdiction and is brought under 18 U.S.C. § 2261A. Section 2261A is a criminal statute. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Nor does § 2261A authorize any private civil cause of action. *See Dixon v. Ford Motor Co.,* No. 19-1031, 2020 WL 13560450, at *3 (6th Cir. Feb. 10, 2020) (holding that defendant was entitled to summary judgment because § 2261A provides no private civil cause of action). Thus this statute does not confer subject-matter jurisdiction in this Court. *See Wieland v. Germantown Fire Dep't*, No. 2:22-CV-02651-TLP-CGC, 2023 WL 11822196, at *3 (W.D. Tenn. June 26, 2023).

## B. UCCJA

The UCCJA does not provide a private right of action in federal court. *See Thompson v. Thompson,* 484 U.S. 174, 187 (1988); *Mensah v. St. Joseph Cnty. Fam. Indep. Agency*, 187 F.3d 636 (6th Cir. 1999) ("If Mensah felt aggrieved by the Michigan court order, his remedy was to appeal through the state courts," not by invoking the UCCJA); *DeMent v. Oglala Sioux Tribal Court,* 874 F.2d 510, 513 (8th Cir. 1989). "[T]he UCCJEA is not federal law. It is rather a uniform law that has been adopted by several states[.]" *Dennison v. Stowers*, No. 122CV00336JLTSKO, 2022 WL 2214254, at *2 (E.D. Cal. June 21, 2022) (quoting *Cathey v. Harrison*, No. 1:16–CV–00545–LJO–MJS, 2016 WL 4494446, at *2 (E.D. Cal. Aug. 25, 2016)), *report and recommendation adopted sub nom. Dennison v. Whitten Stowers*, No. 1:22-CV-0336 JLT SKO, 2022 WL 2918327 (E.D. Cal. July 25, 2022). Thus, Plaintiff has no federal claim under the UCCJEA, and she has not met her burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331.

And Plaintiff does not allege any other plausible federal claim. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002). The Court, having read the complaint liberally finds no federal claim apparent from the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("The pleadings of pro se litigants must be liberally construed and 'held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## C. Diversity Jurisdiction

Likewise, Plaintiff fails to establish diversity jurisdiction. For a federal court to have diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete

diversity—which means that plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, according to the complaint, Plaintiff resides in Florida and Defendant resides in Kentucky. But Plaintiff does not ask for damages and fails to allege facts supporting a finding that the amount in controversy would exceed $75,000.

### D. Abstention

Moreover, Plaintiff seeks this Court's involvement in ongoing state court proceedings in Kentucky and Florida. However, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). All three factors supporting abstention are present in this case. The matters presented in the complaint involve ongoing family court disputes and implicate important state interests in determining the disposition of those actions. *See Zak v. Pilla*, 698 F.2d 800, 801 (6th Cir. 1982); *Izazaga v. Fleming*, No. 5:14-CV-00213-GNS, 2015 WL 1284158, at *3 (W.D. Ky. Mar. 18, 2015). And there is no indication that the claims raised by Plaintiff could not be raised in the state court proceedings. Therefore, the *Younger* abstention doctrine would prevent the Court from providing the relief she seeks even if the Court had jurisdiction.

"Although a district court may allow a plaintiff to amend [her] complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain* [*v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013], and leave to amend should be denied if the amendment would be futile." *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014)).  Here, amendment would be futile.  It is clear from the face of the complaint that the Court lacks subject matter jurisdiction, and the nature of the asserted claims precludes any possibility that Plaintiff could cure the jurisdictional defect by amendment.  *See, e.g.*, *Dennison*, 2022 WL 2214254, at *3 (where complaint lacks subject matter jurisdiction and no amendment could remedy defect, amendment would be futile).

Finally, it is not this Court's role to "refer" allegedly criminal matters to the proper authorities.  Nothing prevents Plaintiff from reporting possible crimes to law enforcement.[2]

## IV. CONCLUSION

For the reasons set forth above, the Court will, by separate Order, dismiss this case for lack of subject matter jurisdiction.

Date:  May 14, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:  Plaintiff, *pro se*
4414.009

---

[2] The Court has reviewed Plaintiff's other filings: her motion for immediate relief and a temporary restraining order (TRO) (DN 1-17) and emergency supplemental affidavit (DNs 5 and 7).  Plaintiff's proposed emergency order (DN 1-9) seeks the cessation of Defendant's alleged harassment, the minor's immediate return, and for Defendant to provide certain documentation.  Since then, she has filed an "Emergency Supplemental Affidavit in Support of Domestic Violence Protections for Minor Child" (DNs 5 and 7 (duplicate of DN 5)).  The affidavit acknowledges that her concerns "have been reported to family court authorities and law enforcement."  The Court has also reviewed her Emergency Motion for Expedited Federal Review/Prosecution for RICO/Retaliation/Kidnapping & Attempted Murder/Color of Law Violations/Review of Long Complaint, ADA Accommodation for Procedural Requirements/Formatting Defects and Waiver of Certificate of Service Due to Investigative Interference Concerns, and Protective Relief, Motion for Judicial Notice of Prior Exhibits/Complaints to Be Considered and Referred to FBI Emergently (DN 8).